CHARLIE COIT v. THE STATE.

No. 12239. Delivered January 23, 1929.
Rehearing denied March 6, 1929.

The opinion states the case.

*F. M. Chaney* and *Sullivan & Wilson* of Dallas for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, confinement in the county jail for a period of thirty days.

Certain fence posts were stacked on the right of way of the T. & N. O. Ry. Co. in Dallas county, Texas. They were missed and about a week later were located on the premises of a Mr. Ford who lived in Highland Park, Dallas. H. H. Reddick, section foreman for said railway company, testified that he had charge of the property of said railway company along the right of way on his section and was responsible for same; that he knew the general market value of new posts like these, and while these posts had been used, they were practically new and in the opinion of witness were worth twenty-five or thirty cents each. Some two hundred posts were lost and recovered. Mr. Ford testified that he bought the posts in question from appellant and another negro, paying appellant $3.00 per load; that he bought four loads each containing fifty or sixty posts. He did the bargaining with both appellant and the other man. Appellant told him they were working in some addition to the city, tearing down a fence, and that he got these posts for the labor he performed. Witness judged the posts to be worth ten or fifteen cents each. Mr. Thomas testified that he talked to appellant about these posts and was first told by him that Jim, the other negro referred to, was driving his, appellant's, wagon and team and that he had helped Jim unload a load of posts at Mr. Ford's place, which Jim said he had gotten somewhere. Appellant denied in this conversation that he got the posts. Witness testified further that appellant told him afterwards that Jim said he got the posts off the railroad. Appellant said he did not know where they came from. The posts were claimed and taken back by the railway company.

There are three bills of exception, two of which set out appellant's complaint of Reddick's testimony as to the value of the stolen posts. We regard the matter of no materiality. The charge in the complaint was misdemeanor theft, and there was no controversy over the proposition that the posts were of value. Mr. Ford fixed the value at ten to fifteen cents each, and Mr. Reddick at twenty-five to thirty cents each. There appears no claim that the posts taken by appellant at any one time were of the value of less than $5.00. Either value,—that fixed by Ford or that fixed by Reddick,—was sufficient to be responsive to and support the charge in the information, and to be met by the verdict.

The complaint in the other bill that the venue was not proved, seems wholly without merit. Reddick said this all occurred in Dallas county, and Mr. Ford testified that he lived in Dallas county. The trial court gave a requested charge on circumstantial evidence, and also told the jury to acquit if they found that when appellant's possession of the posts was first called in question, he made an explanation which was natural, reasonable and probably true and accounted for appellant's possession in a manner consistent with his innocence. Appellant's possession of said posts was first called in question when he offered to sell them to Mr. Ford, at which time he told Ford that he had acquired said posts in payment for labor performed in tearing down a fence. This was his account of how he got the posts. Needless to say, such explanation was shown to be false. Appellant's counsel filed an extended brief, but we are of opinion that none of the complaints possess merit.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The witness Reddick testified that the posts stolen were of the value of twenty-five or thirty cents each. Appellant objected to this evidence on the ground that the witness had not qualified to speak as to value. In view of other evidence found in the record we did not deem it necessary to discuss the bill of exception complaining of Reddick's testimony but said: "We regard the matter of no materiality." A number of pages of the motion for rehearing are devoted to an apparent lecture to this court for using the expression quoted. The writer of the motion seems to find it difficult to distinguish between forcefulness and offensiveness, and in striving for the former—unintentionally no doubt—trenches closely upon the latter. The evidence of the witness Ford as to the value of the property is in the record without objection. It is sufficient to support the verdict. No evidence upon that subject or any other was introduced by appellant.

Under such state of the record the admission of Reddick's testimony, even if erroneous, would not call for a reversal, hence the point made that Reddick was not a qualified witness as to value was regarded as immaterial under the circumstances.

The motion for rehearing is overruled.

*Overruled.*